IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, BOSTON SCIENTIFIC SCIMED, INC. (formerly known as SCIMED LIFE SYSTEMS, INC.), and MEDINOL, LTD., <br><br> Defendants. | Civil Action No. 98-478-SLR |
| MEDTRONIC VASCULAR, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC. (formerly known as SCIMED LIFE SYSTEMS, INC.), <br><br> Defendants. | Civil Action No. 04-034-SLR |

**STIPULATION AND ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Medtronic Vascular, Inc. ("Medtronic") and Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC"), in response to the Court's Order to Show Cause dated September 20, 2007, that:

(1) In order to reduce the issues remaining in the captioned cases, BSC's antitrust counterclaims (Count II of the Counterclaims in BSC's Answer to the Third Amended Complaint

in 98-478 (D.I. 161); Count II of the Counterclaims in BSC's Answer to the Complaint in 04-034 (D.I. 10)) are hereby dismissed with prejudice; and

(2) Each party shall bear its own costs and attorneys' fees as incurred with respect to BSC's antitrust counterclaims.

BSC expressly preserves its claim for costs and attorneys' fees with respect to Medtronic's claim for patent infringement.

On February 18, 2005, BSC submitted a motion for attorneys' fees (D.I. 355 in 98-478; D.I. 171 in 04-034), which the Court indicated it would not address until after the Federal Circuit's review of the Court's entry of summary judgment with respect to Medtronic's claim for patent infringement and after final judgment was entered. (D.I. 353 in 98-478; D.I. 169 in 04-034). After the Federal Circuit affirmed the Court's entry of summary judgment, the Court entered a stipulated Order on July 12, 2006, providing that any motion by BSC for attorneys' fees should be deferred until after resolution of BSC's antitrust counterclaims and that any such motion would be considered timely submitted if filed by BSC within fourteen days after entry of final judgment on BSC's antitrust counterclaims. (D.I. 365 in 98-478; D.I. 181 in 04-034).

Accordingly, any motion by BSC for attorneys' fees must be filed within fourteen days of entry of this stipulated Order dismissing BSC's antitrust counterclaims.

**[SIGNATURES ON FOLLOWING PAGE]**

2

Dated: September 28, 2007

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ Karen Jacobs Louden* | */s/ Karen L. Pascale* |
| Karen Jacobs Louden (#2881)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>Klouden@mnat.com<br><br>*Attorneys for Plaintiff*<br>*Medtronic Vascular, Inc.* | Josy W. Ingersoll (I.D. #1088)<br>Karen L. Pascale (#2903)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600<br>kpascale@ycst.com<br><br>*Attorneys for Defendants*<br>*Boston Scientific Corp. and*<br>*Boston Scientific Scimed, Inc* |

IT IS SO ORDERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

3