IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C. A. No. 98-478 (SLR) |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| BOSTON SCIENTIFIC SCIMED, INC. (formerly ) | |
| known as SCIMED LIFE SYSTEMS, INC.), and ) | |
| MEDINOL, LTD. ) | |
| ) | |
| Defendants. ) | |

**MEDTRONIC'S OBJECTIONS TO MEDINOL LTD.'S BILL OF COSTS**

Plaintiff Medtronic Vascular Inc. ("Medtronic") hereby objects to Items I and II[1] of Defendant Medinol Ltd.'s ("Medinol") Bill of Costs (D.I. 371), pursuant to D. Del. LR 54.1(a)(3).

Item I. Deposition Costs

Medinol's request for $15,770.20 it allegedly incurred in connection with certain depositions transcripts it cited in its claim construction and summary judgment briefs must be denied because Medinol does not even try to satisfy the applicable standard for recovering such costs.

D. Del. LR 54.1(b)(3) permits a prevailing party to recover the costs of taking a deposition only "where a *substantial portion* of the deposition is used in the resolution of a material issue in the case." (emphasis added)  Although Medinol argues that it incurred the costs

---

[1] Medtronic does not object to Item III, Medinol's request for $55 to obtain a certified copy of the patent file wrapper.

in connection "with depositions that were used in the resolution of a material issue in the case" (D.I. 371 at 1), it does not even purport to argue that it used a **substantial portion** of the deposition transcripts for which it seeks costs.

It is not surprising that Medinol does not address the "substantial portion" requirement because it plainly cannot meet it. The chart below demonstrates the miniscule portion of the deposition transcripts on which Medinol actually relied in its summary judgment and *Markman* briefs.

| Deponent | Number of Pages Cited | Total Pages | Total Days |
|---|---|---|---|
| Jeffrey Allen | 2 | 720 pages | 3 days |
| Michael Boneau | 12 | 714 pages | 4 days |
| Bradley Jendersee | 9 | 488 pages | 2 days |
| Robert Lashinski | 2 | 429 pages | 2 days |
| Sunil Saigal | 9 | 884 pages | 3 days |
| Robert Wagoner | 12 | 1349 pages | 4 days |

Because Medinol does not and cannot meet the requirements of D. Del. LR 54.1(b)(3), its request for recovery of deposition costs must be denied.

Item II. *Markman* Exhibit Costs

Medinol's request for $18,143.97 of its share of the costs it claims to have incurred in preparing demonstrative exhibits and the preparation of TIFF images from various depositions for the *Markman* hearing also must be denied. Under D. Del. LR 54.1(b)(5), a prevailing party may only recover "[t]he cost of copies of an exhibit **necessarily attached to a document required to be filed and served**..." Further, costs of a copy are taxable when the document is admitted into evidence, but the "cost of copies obtained for counsel's own use is not taxable." *Id.* All Medinol argues is that the Court "relied on the oral arguments presented at this hearing to determine claim construction of the patents-in suit..." (D.I. 372 ¶10). That is not the standard, however. The demonstrative exhibits Medinol presented to the Court at the *Markman*

hearing were not *necessarily attached to a document* that was *required to be filed and served*. Nor were these copies admitted into evidence. That Medinol chose to prepare demonstrative exhibits to illustrate its arguments at the *Markman* hearing does not entitle Medinol to recover these costs. Its request should be denied.

## CONCLUSION

For the foregoing reasons, Medtronic respectfully requests that Items I and II of Medinol's Bill of Costs be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Defendants Medtronic Vascular,
  Inc. and Medtronic USA, Inc.

November 26, 2007

1313348

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 26, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Josy W. Ingersoll
>Young Conaway Stargatt & Taylor, LLP
>
>Richard D. Kirk
>The Bayard Firm

I also certify that copies were caused to be served on November 26, 2007, upon the following in the manner indicated:

**BY HAND**

>Josy W. Ingersoll
>Karen L. Pascale
>YOUNG CONAWAY STARGATT & TAYLOR LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>
>Richard D. Kirk
>Stephen B. Brauerman
>THE BAYARD FIRM
>222 Delaware Avenue, Ste. 900
>P.O. Box 25130
>Wilmington, DE 19899

>>*/s/ Karen Jacobs Louden*
>>_____
>>Karen Jacobs Louden (#2881)