(349)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MEDTRONIC VASCULAR, INC.,

    Plaintiff,

    v.

BOSTON SCIENTIFIC CORPORATION,
BOSTON SCIENTIFIC SCIMED, INC. (formerly
known as SCIMED LIFE SYSTEMS, INC.), and
MEDINOL, LTD.,

    Defendants.

C. A. No. 98-478-SLR

### FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

Pursuant to this Court's January 5, 2005 Memorandum Order (D.I. 337)

construing the claims of U.S. Patent Nos. 5,292,331; 5,674,278; 5,879,382; and 6,344,053

(collectively, "the patents-in-suit"); January 5, 2005 Memorandum Opinion  (D.I. 338) and Order

(D.I. 339) granting Defendants' motion for summary judgment with respect to non-infringement

(D.I. 248), denying Plaintiff's motion for partial summary judgment of literal infringement of

claim 1 of U.S. Patent No. 5,879,382 and claim 27 of U.S. Patent No. 6,344,053 (D.I. 244), and

denying Defendants' motion for partial summary judgment of invalidity (D.I. 242); and January

11, 2005 Order (D.I. 345) granting the renewed motion for summary judgment of non-

infringement by Defendant Medinol, Ltd. ("Medinol") (D.I. 224);

    **IT IS ORDERED AND ADJUDGED** that final judgment be and is hereby

entered in favor of Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc.

(collectively, "Boston Scientific") and Medinol and against Plaintiff Medtronic Vascular, Inc.

("Vascular") with respect to Boston Scientific's and Medinol's alleged infringement of the

patents-in-suit.

**IT IS FURTHER ORDERED AND ADJUDGED** that Boston Scientific's and

Medinol's counterclaims for a declaratory judgment of patent invalidity and unenforceability of

the patents-in-suit be and hereby is dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Boston Scientific's

counterclaim for antitrust violation, which was previously stayed by the Court on April 19, 2004

(D.I. 190), shall remain stayed pending appeal and until further order of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Fed. R. Civ.

P. 54(d)(1) and D. Del. L.R. 54.1, Vascular shall pay Boston Scientific and Medinol their costs

incurred in defending Vascular's claims based on the patents-in-suit.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Fed. R. Civ.

P. 54(b), the Court expressly determines that there is no just reason for delay in entering this

final judgment until final determination of all claims in the above-captioned action.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court expressly

directs the Clerk to enter this final judgment forthwith.

_____  2/2/05
The Honorable Sue L. Robinson
Chief Judge
U.S. District Court for the District of Delawar

2