**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 98-478- SLR |
| v. ) | |
| ) | |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| SCIMED LIFE SYSTEMS, INC., ) | |
| BOSTON SCIENTIFIC SCIMED, INC., ) | |
| and MEDINOL, LTD. ) | |
| ) | |
| Defendants. ) | |

**CLERK'S TAXATION OF COSTS**

On January 11, 2005, the Court granted Defendant Medinol, Ltd's renewed Motion for Summary Judgment [DI 345] based upon an earlier Memorandum Opinion and Order [DI 312, 313], dated December 14, 2004, and subsequent Memorandum Opinion and Order [DI 338, 339], dated January 5, 2005.  Judgment was entered on February 2, 2005 in favor of Defendants Boston Scientific Corporation, Boston Scientific Scimed, Inc., and Medinol and against Plaintiff Medtronic Vascular, Inc.  Medtronic filed a Notice of Appeal on March 2, 2005 [DI 357].  The U.S. Court of Appeals for the Federal Circuit issued a Mandate on June 19, 2006 affirming the District Court's judgment [DI 364].  Medinol filed a Bill of Costs with supporting Affidavit of Christopher A. Hughes on November 6, 2007 [DI 371, 372].  Medtronic filed its' Objections to the Bill of Costs on November 26, 2007 [DI 373].

Defendant Medinol requests the Clerk tax costs against Plaintiff in the total amount of $33,969.17.  The Clerk has considered the submissions of the parties in accordance with L.R. 54.1, and therefore,

**IT IS ORDERED that,**

Defendant Medinol's Bill of Costs is **DENIED** as to Items I and II, and **GRANTED** as to Item III. The Clerk will tax costs in the amount of **$ 55.00**.

I.   **Deposition Costs**

   A.   Medinol requests total deposition costs in the amount of $15, 770.20. These costs are **DENIED**.

   1.   For the Clerk to tax the costs claimed by Defendant for deposition transcripts, a substantial portion of a deposition must be used in the resolution of a material issue in the case [see L.R. 54.1(b)(3)]. Medtronic objects to this request claiming that Medinol relied upon only a small portion of deposition transcripts for each listed deponent. [DI 373 at 2]. Medinol has submitted only invoices and a general statement for each deponent that the deposition "was relied upon in the resolution of a material issue in the case." [Hughes' Affidavit, DI 372 at 2-4]. Medinol provides no evidence, nor makes any claim, that a *"substantial portion"* of any deposition transcript was used in the resolution of a material issue in the case. Based upon Medtronic's objections, the Clerk determined that Medinol cited to only 46 pages out of a total 4584 pages of deposition transcripts, for six deponents. [DI 373 at 2]. Therefore, the portion relied upon by Medinol is approximately 1% of the total testimony obtained from the deponents.

   2.   L.R. 54.1(a)(2) states in pertinent part "the bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. sec 1924." Medinol submitted a compilation of invoices that provide only vague descriptions of items and their costs.

**II**     **Copies of Exhibits**

    **A.**     Medinol requests costs for copies of exhibits in the total amount of $18,143.97 that were incurred in the preparation of demonstrative exhibits used during the October, 2004 *Markman* hearing.  This request is **DENIED**.

        **1.**     L.R. 54.1(b)(5) states:

"The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable.  The cost of one copy of a document is taxable when admitted into evidence.  The cost of copies obtained for counsel's own use is not taxable."  Medinol offers no proof that any of their exhibits were attached to a document that was required to be filed by the Court.  Medtronic objects to this request on the same ground.

        **2.**     LR 54.1(b)(6) states:

"The cost of maps and charts is taxable if they are admitted into evidence.  The cost of photographs, 8" x10" in size or less, is taxable if admitted into evidence, or attached to documents required to be filed and served upon opposing counsel.  Enlargements greater than 8" x 10" are not taxable except by order of the Court.  The cost of models, compiling summaries, computations, and statistical comparisons is not taxable."  Medinol offers no proof that any of their demonstratives were admitted as evidence, only that the "Court relied on the oral arguments presented at this hearing . . ." [DI 372 para. 10].  Medtronic objects to this request on the same ground.

    **3.**    L.R. 54.1(a)(2) states in pertinent part:

"The bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. sec 1924." As previously stated, Medinol submitted a compilation of invoices that provide only vague descriptions of items and their costs.

    **4.**    Medinol prepared demonstrative exhibits used at the October, 2004 *Markman* hearing. By review of Medinol's Bill of Costs and the Hughes Affidavit, the Clerk was unable to determine as to whether any of these exhibits were actually admitted into evidence. Moreover, Medinol relies on an e-mail by Andy Holtman which is an unsubstantiated claim that Medinols' portion of costs are $13,179.98. [DI 372 at 5]. Medinol also submitted an invoice by FTI that lists a total amount of $126,617.74 for "Professional Services." [DI 372 at 31-36]. The Hughes Affidavit states that Medinol paid only a portion of these charges. [DI 372 at 4]. The FTI invoice is an itemized list of charges that include many charges that clearly are not taxable. Charges for equipment rental, travel expenses, on-site hearing support are not taxable. Neither the bill of costs nor the affidavit provide any useful information that permits Medtronic and the Clerk to adequately determine the basis for each charge claimed by Medinol. Lastly, Medtronic objects to these costs . Therefore, the request is **DENIED**.

### III    Prior Art Patents and Patent File Wrappers

    **A**.    Medinol requests costs for copying the patent at issue and its' related file history in the amount of **$ 55.00**. L.R. 54.1(b)(5) states in pertinent part, "The cost of patent file wrappers and prior art patents is taxable at the rate charged by the Patent Office". Medtronic does not object to this cost. The request is **GRANTED**.

**CONCLUSION**

Therefore, costs are taxed in favor of Defendant Medinol, Ltd, and against Plaintiff Medtronic Vascular, Inc., in the amount of **$ 55.00**.

Dated: July 22, 2008

                                      Peter T. Dalleo, Clerk
                                      U.S. District Court for the
                                      District of Delaware

                                      By   /s_____
                                              Bob Cruikshank
                                              Deputy Clerk

cc:     The Honorable Sue L. Robinson
        Peter T. Dalleo, Clerk

        <u>(By CM/ECF)</u> :
        Karen Jacobs Louden, Esq.
        Philip Henry Bangle, Esq.
        Josy W. Ingersoll, Esq.
        Richard D. Kirk, Esq.
        Patricia Smink Rogowski, Esq.